IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **REGINA KAY ALEXANDER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:19-cv-00127-M-BP |
| | § | |
| **ANDREW M. SAUL,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act and Attorney's Affirmation in Support of Motion (ECF Nos. 27 and 28) filed on November 2, 2020; Defendant's Response (ECF No. 29) filed on November 12, 2020; and Plaintiff's Reply (ECF No. 30) filed on November 17, 2020. This case was referred to the undersigned automatically under Special Order 3 on November 8, 2019. ECF No. 6.

Based upon a full review of the pleadings and applicable legal authorities, the agreement of the parties to an adjusted hourly rate for attorney and paralegal time requested by Plaintiff, and the provisions of 28 U.S.C. § 2412(d)(2)(A), the Court finds that the appropriate hourly rate at which to award fees in this case is $199.71 per hour for attorney services performed and $95 per hour for paralegal services performed. The Court further finds that Plaintiff is entitled to attorney fees for compensation of 31.30 hours of service and paralegal fees for 9.10 hours of service.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff Regina Kay Alexander, in care of Howard D. Olinsky, an attorney, Olinsky Law Group, 250 S. Clinton St., Ste. 210, Syracuse, NY 13202, fees under the Equal Access to Justice Act for

31.30 hours of attorney service compensated at a rate of $199.71 per hour and 9.10 hours of paralegal service compensated at a rate of $95 per hour for a total of $7,115.42.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on December 31, 2020.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE